CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

United States of America *ex rel.*          )
J. Bryan Quesenberry                        )          Civil Action No. 3:24-cv-00016
      Plaintiff,                          )
                                          )          MEMORANDUM OPINION & ORDER
v.                                          )
                                          )
Breaks Interstate Park Commission et al.,   )          By:    Joel C. Hoppe
      Defendants.                         )                United States Magistrate Judge

This matter is before the Court on Defendant Rockbridge Regional Library's ("RRL")

Motion to Set Aside Default. ECF No. 40. The motion has been fully briefed, ECF Nos. 40, 41,

and argued, ECF No. 51. I find that RRL has shown good cause to set aside its default. Fed. R.

Civ. P. 55(c).

I. Legal Framework

"When a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for

good cause." Fed. R. Civ. P. 55(c). In making this determination, the court "should consider": (1)

whether the defaulting party has "a meritorious defense" to the claim against it; (2) whether the

party acted with "reasonable promptness" to set aside entry of its default; (3) the party's

"personal responsibility" for its default; (4) prejudice to the opposing party; (5) whether the

defaulting party has "a history of dilatory action"; and (6) whether "less drastic" sanctions are

available. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The

first two factors are generally the most important. *See Consol. Masonry & Fireproofing, Inc. v.*

*Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The party seeking to set aside its

default bears the burden to show "good cause," Fed. R. Civ. P. 55(c), but the burden is not

1

demanding. *See Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* at 417. Thus, courts must "liberally construe the 'good cause' criteria and resolve all doubts in favor of setting aside default in order to allow the party against whom default has been entered to defend on the merits and avoid the extreme sanction of default."[1] *Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (other quotation marks omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts . . . should be resolved in favor of setting aside the default so the case may be heard on the merits."). The Fourth Circuit reviews a district court's refusal to set aside an entry of default for abuse of discretion. *Colleton Prep. Acad.*, 616 F.3d at 417.

## II. Background

This is a *qui tam* action to recover damages and civil penalties based on Defendants' allegedly false and/or fraudulent records, statements, and claims made in connection with the federal government's Payroll Protection Program ("PPP"). *See* Am. Compl. ¶¶ 1–2, ECF No. 14. The PPP is a COVID-19 era program that allowed "borrowers to receive forgiveness for these loans." *Id.* ¶ 2. It is administered by the Small Business Administration ("SBA") as part of that agency's "7(a) Loan Program." *See id.* ¶¶ 25–39.

Quesenberry filed a pro se complaint in March 2024. Compl., ECF No. 1. In August 2025, the presiding District Judge unsealed the complaint and ordered Quesenberry to serve a copy on Defendants. *See* ECF No. 13. Quesenberry amended his complaint on November 19,

---

[1] "Importantly, when a party is in default, but default judgment has not yet been entered, the governing legal standard is one of 'good cause' rather than [the more onerous] 'excusable neglect.'" *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, No. 2:16cv639, 2017 WL 11509751, at *1 (E.D. Va. Sept. 19, 2017); *accord Colleton Prep. Acad.*, 616 F.3d at 420 ("Rule 60(b)'s 'excusable neglect' standard is a more onerous standard that Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.").

2025. ECF No. 14. His operative Amended Complaint alleges that RRL is a local government-owned entity. *See* Am. Compl. ¶¶ 17, 48–54. Government-owned entities are ineligible for SBA loans, including those issued through the PPP. *See id.* ¶¶ 3–5, 39, 103; 13 C.F.R. § 120.110(j). Nonetheless, RRL knowingly "applied and was approved for a first-draw PPP loan on April 15, 2021 . . . in the amount of $160,890.00, received said PPP loan, and had said PPP loan forgiven on September 1, 2021, in the amount of $161,493.89." *Id.* ¶ 80 (emphasis omitted); *see generally id.* ¶¶ 10, 48–54, 101–07, 108–13. Quesenberry seeks an award of proceeds against RRL under the False Claims Act ("FCA"), 31 U.S.C. § 3730(d). *See* Am. Compl. 25.

The Clerk issued a summons directed to RRL on November 20, 2025. ECF No. 26-4. The summons states:

> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . .
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

*Id.*; *accord* Fed. R. Civ. P. 4(a), 6(a)(1)(A). Quesenberry's attorney later filed a signed Proof of Service attesting that RRL's designated agent was served with this summons and copy of the Amended Complaint on Friday, January 22, 2026. *See* ECF No. 28. RRL therefore had until Thursday, February 12, 2026, to file its answer or a Rule 12 motion. ECF No. 33; *see* Fed. R. Civ. P. 6(a)(1)(B) ("When the period is stated in days . . . count every day, including intermediate Saturdays, Sundays, and legal holidays."). RRL failed to file a responsive pleading, and the Clerk entered its default the following Tuesday, February 17. ECF No. 35. The same day, Quesenberry asked the Clerk to enter default judgment against RRL in the amount of $499,194.67. ECF No. 36. That motion remains pending.

3

\*

RRL filed this motion to set aside its default on Monday, February 23, 2026. ECF No. 40. RRL asserts there is "good cause" to set aside its default because RRL "was attempting to locate counsel, which it has now obtained." Mot. ¶ 9. RRL notes that it "retained" counsel on February 17, the same day default was entered. *Id.* ¶ 6. The motion contains no information about RRL's efforts to "locate counsel" before it was in default. *See* Pl.'s Br. in Opp'n 1, ECF No. 41. It also does not address the other *Payne* factors—most notably whether RRL can present "any defense" to Quesenberry's claims that it violated the FCA. *See id.* at 1–2.

I held a hearing on March 23, 2023. At the hearing, RRL's counsel proffered additional information relevant to the *Payne* factors. He noted that RRL contacted its insurance company shortly after its agent was served on January 22, and he suggested that the insurer was responsible for retaining counsel on RRL's behalf. *See* Mot. ¶ 9. The insurer did not retain counsel until February 17, however, because it incorrectly assumed that RRL had 21 *business* days to file its responsive pleading. Counsel noticed this error immediately and promptly asked Quesenberry's attorney if he would consent to setting aside RRL's default. *See id.* ¶¶ 6–7. As to the other *Payne* factors, counsel argued that Quesenberry will not be prejudiced if RRL is permitted to defend the lawsuit and that giving RRL "a stern talking to" is a more appropriate, less drastic sanction than not setting aside the entry of its default. Finally, counsel noted RRL plans to file a Rule 12(b)(6) motion arguing that *qui tam* suits cannot be brought against a local "government entity" like RRL, which was created by a Virginia statute. He could not cite any caselaw supporting this position.[2]

---

[2] Quesenberry's attorney questioned whether this is really a "meritorious" defense to his FCA claims against RRL. *Cf. Cook Cty., Ill. v. U.S. ex rel. Chandler*, 538 U.S. 119, 122–23 (2003) (holding that "municipal corporations" are "persons" subject to qui tam liability under the FCA); *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 778, 788 (2000) (holding that a State (or state agency) is not a

III. Discussion

RRL's motion does not show good cause to set aside its default. *See, e.g.*, *Mayrant v. Norfolk Redev. & Hous. Auth.*, 801 F. Supp. 3d 601, 615–18 (E.D. Va. 2025) (declining to set aside default where defendant's motion "fail[ed] to properly address the factors set forth by the Fourth Circuit for Rule 55(c) motions" and "[o]nly two, less important factors—history of dilatory action and availability of less drastic sanctions—favor[ed] setting aside the entry of default"). Keeping in mind the Fourth Circuit's strong preference for resolving cases on their merits, however, I find that the additional information proffered at the hearing satisfies RRL's burden under Rule 55(c). *See Sullivan Mech. Contactors, Inc.. v. KBE Build. Corp.*, No. 3:20cv13, 2020 WL 2735726, at *2 (W.D. Va. May 26, 2020).

"Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing*, 383 F.2d at 251. Here, RRL moved to set aside its default on February 23, which was only six days after the Clerk entered it on February 17. This was a "reasonably prompt" response to a default entered in the early stages of litigation. *See e.g.*, *Sullivan Mech. Contractors*, 2020 WL 2735726, at *3 (defendant "acted with reasonable promptness" by filing a motion to set aside its default "less than a week after" it was entered); *Pinpoint IT Servs. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011) (motion to set aside default filed "nine days after entry" was a "reasonably prompt" response).

RRL also raised a meritorious defense to Quesenberry's FCA claims. *Cf. Cap. Concepts, Inc. v. CDI Media Grp.*, No. 3:14cv14, 2014 WL 3748249, at *6 (W.D. Va. July 29, 2014)

---

"person" subject to qui tam liability under the FCA); *U.S. ex rel. Oberg v. Ky. Higher Educ. Student Loan Corp.*, 681 F.3d 575, 579–81 (4th Cir. 2012) (courts must "apply[] the arm-of-the-state analysis" in deciding whether a government-entity defendant is "municipal corporation," which is a "person" subject to suit under the FCA, versus a "state agency," which is not).

5

(concluding that defendant's "articulating procedural defenses like a lack of personal jurisdiction

. . . and a ripeness challenge to Plaintiff's indemnification claim" was enough to satisfy "the low

bar for presenting a meritorious defense at this stage of the litigation"). At the hearing,

Quesenberry's attorney argued that RRL must produce "evidence" in order to establish a

meritorious defense. *See, e.g.*, *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll

that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer

of evidence which, if believed, would permit either the Court or the jury to find for the defaulting

party."). While that is true in some cases, RRL is "not required to present any particular kind of

defense" to establish that it has "a meritorious defense for purposes of setting aside default."

*Cap. Concepts*, 2014 WL 3748249, at *6. RRL's counsel articulated a specific *legal* defense that,

if correct, would require the Court to dismiss Quesenberry's FCA claims against his client. *Cf.*

*Oberg*, 681 F.3d at 580 (district courts must apply "arm-of-the-state analysis" to determine if

government-entity defendant "is properly subject to suit under the FCA"); *Cap. Concepts*, 2014

WL 3748249, at *6 (defendant's "procedural defenses" established a meritorious defense). If

RRL "functions as an arm of the state," as its counsel suggested at the hearing, then RRL "is not

a 'person' under the FCA and, therefore, is not subject to FCA liability." *See Oberg*, 681 F.3d at

580 (citing *Stevens*, 529 U.S. at 787–88). "If, on the other hand, [RRL] functions independently

of the state, it is subject to suit under the FCA." *Id.*; *accord Chandler*, 538 U.S. at 122–23

(holding that "municipal corporations" are "persons" subject to qui tam liability under the FCA).

RRL's argument here provided "a satisfactory explanation of the merits of the defense" going

beyond "a mere conclusion" or denial, *Consol. Masonry & Fireproofing*, 383 F.2d at 252.

"Given the low bar for presenting a meritorious defense at this [early] stage of litigation," I find

that this factor favors RRL. *Cap. Concepts*, 2014 WL 3748249, at *6.

6

The two most important *Payne* factors—RRL's reasonably prompt response and assertion of a meritorious defense—favor setting aside its default. The other *Payne* factors also generally favor RRL. First, there are "no other instances of dilatory action" on RRL's part. *See Colleton Prep. Acad.*, 616 F.3d at 418 (quotation marks omitted). Second, RRL's failure to retain counsel before February 12 might not be entirely RRL's fault. *Cf. Broadcast Music, Inc. v. Carrie Bell, Inc.*, Civ. No. 19-1517, 2019 WL 6255173, at *3 (D. Md. Nov. 22, 2019) ("CMI did[] not retain counsel prior to the entry of default against it, and accordingly bears the full responsibility for failure to file a response on time."). This factor looks at RRL's "personal responsibility" for its default. *See Payne*, 439 F.3d at 204. At the hearing, counsel indicated that RRL notified its insurance company about this lawsuit shortly after being served on January 22 and that the insurer failed to retain counsel for RRL on time because it miscalculated the 21-day deadline stated in the summons. The insurer's involvement and error at least suggest RRL does not bear "the *full* responsibility" for its default. *Broadcast Music*, 2019 WL 6255173, at *3 (emphasis added); *cf. Cap. Concepts*, 2014 WL 3748249, at *7 ("The Fourth Circuit often finds that default should be set aside when a defaulting party's attorney is to blame for the delay."). This *Payne* factor is neutral at best.

Third, Quesenberry is not prejudiced by setting aside RRL's default because this multi-defendant case is in the early stages. *See Companion Specialty Ins. Co. v. Med James, Inc.*, No. 3:15cv249, 2015 WL 13817411, at *3 (D.S.C. Apr. 21, 2015). This *Payne* factor looks at whether RRL's failure to respond by February 12 impaired Quesenberry's ability to complete discovery, present certain evidence, or proceed with trial. *Cap. Concepts*, 2014 WL 3748249, at *6. It did not. In fact, another defendant only recently filed a Rule 12(b)(6) motion to dismiss, so there is no prejudice to Quesenberry in allowing RRL to defend the case as well. *See, e.g.*,

*Companion Specialty Ins.*, 2015 WL 13817411, at *3. Finally, less drastic sanctions are available. *See Payne*, 439 F.2d at 205. For example, the court may award Quesenberry his reasonable attorney's fees associated with RRL's motion to set aside its default. *See, e.g.*, *Reserve at Winchester I v. R 150 SPE*, No. 3:21cv8, 2021 WL 6102127, at *1 (W.D. Va. Dec. 1, 2021) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contr. Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)). This final *Payne* factor also favors setting aside RRL's default. *See Colleton Prep. Acad.*, 616 F.3d at 418.

## IV. Conclusion

For the foregoing reasons, I find that RRL has shown good cause to set aside its default in this case. Fed. R. Civ. P. 55(c). Accordingly, RRL's Motion to Set Aside Default, ECF No. 40, is hereby **GRANTED**. The Clerk shall **VACATE** the entry of default dated February 17, 2026, ECF No. 35. Defendant Rockbridge Regional Library shall respond to Quesenberry's Amended Complaint, ECF No. 14, within **fourteen (14) days** from the date of this Order. Quesenberry may file a petition setting out his reasonable expenses, including attorney's fees, incurred in opposing RRL's motion to set aside default.

ENTER: March 31, 2026

Joel C. Hoppe
United States Magistrate Judge

8