CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 01, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| United States of America *ex rel.* | ) | |
| J. Bryan Quesenberry, | ) | Civil Action No. 3:24-cv-00016 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| v. | ) | |
| | ) | |
| Breaks Interstate Park Commission et al., | ) | By:    Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiff J. Bryan Quesenberry's petition for attorneys' fees against Defendant Rockbridge Regional Library ("RRL"). ECF No. 63. Quesenberry seeks $12,600 in fees for 15.75 attorney hours spent in connection with RRL's default. *See* Pl.'s Pet. 63; Pl.'s Reply, ECF No. 69. The petition has been fully briefed, ECF Nos. 63, 66, 69, and can be resolved without a hearing. Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

I. Legal Framework

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Generally, good cause exists when the defaulting party "acts with reasonable promptness and alleges a meritorious defense" to a claim for affirmative relief. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). If the court sets aside a party's default, it may require that party to pay its adversary's reasonable attorneys' fees caused by the default. *See, e.g.*, *Pinpoint IT Servs. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 727–28 (E.D. Va. 2011) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)).

A "reasonable" fee award is calculated by multiplying a reasonable hourly rate by a

1

reasonable number of hours expended dealing with the adversary's failure to respond. *See Sines v. Kessler*, 343 F.R.D. 311, 319 (W.D. Va. 2022). The party seeking fees bears the burden to show that its claimed rates and hours are reasonable considering twelve familiar factors. *See id.* at 319–20 (citing *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009)). The court has broad discretion in resolving fee petitions. *See Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## II. Background

Quesenberry seeks a judgment for affirmative relief against RRL under the False Claims Act ("FCA"), 31 U.S.C. § 3730(d). Am. Compl. 25, ECF No. 14. RRL's registered agent was served with a summons and copy of the amended complaint on January 22, 2026. ECF No. 33. Thus, RRL had until February 12 to file its answer or a Rule 12 motion. It failed to do so, and the Clerk entered RRL's default on February 17. ECF No. 35. RRL promptly moved to set aside its default under Rule 55(c). ECF No. 40. Quesenberry's attorney filed an opposition brief, ECF No. 41, and appeared by video at a motion hearing on March 23. *See* Mem. Op. & Order of Mar. 31, 2026, at 4–5, ECF No. 56.

I concluded that RRL's motion did not show good cause to set aside its default. *Id.* at 5. Indeed, it did not even address whether RRL could present any defense to Quesenberry's claims that it violated the FCA. *Id.* at 4. Keeping in mind the Fourth Circuit's preference for deciding cases on their merits, however, I also found that the additional information proffered by RRL's counsel at the motion hearing satisfied RRL's burden under Rule 55(c). *Id.* at 5; *see id.* at 5–8. I granted RRL's motion, directed the Clerk to vacate its default, and ordered RRL to respond to

2

Quesenberry's amended complaint. *Id.* I also invited Quesenberry to "file a petition setting out his reasonable expenses, including attorneys' fees, incurred in opposing RRL's motion to set aside default." *Id.*

Bruce Ellis Fein, Esq., filed that petition on April 29. ECF No. 63. Mr. Fein was admitted to the Virginia bar in 1999 and has practiced law since 2001. *See* Fein Decl. ¶¶ 9–17. He is now a solo practitioner in Northern Virginia. He has represented relators in "dozens" of FCA cases. *See id.* ¶ 17. Mr. Fein's "standard hourly rate on non-contingency matters is $800." *Id.* ¶ 3. He represents Quesenberry on a contingency basis in this case. *Id.* ¶ 6. Mr. Fein seeks $12,600 in fees for 15.75 attorney hours spent in connection with RRL's default:

| Phase | Hourly Rate Claimed | Hours Claimed | Total Claimed |
|---|---|---|---|
| Merits | $800 | 5.5 | $4,400 |
| Initial Fee Petition | $800 | 4.75 | $3,800 |
| Reply Brief re: Fee Petition | $800 | 5.5 | $4,400 |
| Total | $800 | 15.75 | $12,600 |

*See* Fein Decl. Ex. 1 (merits and initial fee petition), ECF No. 63-1; Pl.'s Reply 5, ECF No. 69.

Mr. Fein's work on the fee petition alone (10.25 hours) accounts for 65% of the request. On the reply brief, he claims three hours ($2,400) for his own work "and three hours at an estimated price of $2,000 to be billed by Mr. Hicks and another attorney at his firm." Pl.'s Reply 5. Mr. Hicks is an attorney in Charlottesville. *See id.*; Decl. of Jason C. Hicks, Esq. (May 18, 2026), ECF No. 69-1. He provided a declaration "confirming" that Mr. Fein's initial fee request of $8,200 is reasonable "for the Charlottesville area, both as to the hourly rate and as to the amount of work performed" on the merits and fee petition. Pl.'s Reply 1.

III. Discussion

3

My decision about "what constitutes a 'reasonable' number of hours and rate," *Robinson*, 560 F.3d at 243, for Mr. Fein's work here is guided by these familiar factors: his actual time and labor expended; the difficulty and novelty of the issues presented; the customary fee for like work in this judicial district; the skill required to properly perform the legal services rendered; Mr. Fein's experience, reputation, and ability; and the amount of attorneys' fees awarded in comparable circumstances.

Mr. Fein's $800 hourly rate is too high for this judicial district. *See, e.g.*, *Sines*, 343 F.R.D. at 321 (awarding $400 per hour to a partner-level attorney from a "prestigious" New York City law firm). Last year, for example, I found that $400 was a reasonable hourly rate for well-qualified attorneys handling a complex discovery dispute in the Charlottesville Division. *Doe v. Mast*, No. 3:22cv17, 2025 WL 1787436, at *2 (W.D. Va. June 27, 2025). Much like Mr. Fein, those attorneys were partners at a law firm in Richmond, Virginia, who typically billed $800 per hour to paying clients. Those senior attorneys also mitigated their fees by assigning appropriate tasks to a junior associate and two paralegals who billed significantly less per hour. *See id.* at *2–3.

Mr. Fein's legal work related to the merits of RRL's default and Rule 55(c) motion—e.g., drafting a one-paragraph request for entry of default, ECF No. 33; preparing a three-paragraph opposition brief, ECF No. 41; and appearing at a 14-minute hearing, ECF No. 51—was simple and straightforward. His opposition brief cited only one case and contained no legal analysis. *Cf. TRS, Inc. v. Am. Build & Design, Inc.*, No. ELH-14-1543, 2014 WL 3845941, at *5 (D. Md. Aug. 1, 2014) (reducing fee award after entry of default judgment because the case was "not complex" and plaintiff's filings were short and did not cite any caselaw). Mr. Fein does not explain why $800 is an appropriate hourly rate for those tasks. *See* Pl.'s Pet. 6–7 (recognizing

4

that his FCA "expertise may have been tangential to litigating the default" and deferring "to the personal knowledge of the magistrate judge in setting a reasonable rate"); *cf. Doe*, 2025 WL 1787436, at *2–3 (awarding $250–$400 per attorney hour spent on a complex discovery dispute); *TRS, Inc.*, 2014 WL 3845941, at *5 (awarding $190–$325 per attorney hour spent drafting a six-page complaint and four-paragraph motion, neither of which cited case law). Accordingly, I find that $400 per hour is a reasonable rate in this case. *Doe*, 2025 WL 1787436, at *2; *Sines*, 343 F.R.D. at 321.

Mr. Fein claims 5.5 hours spent on the merits of RRL's default. *See* Fein Decl. Ex. 1 (entries dated Feb. 12–Mar. 31, 2026). That is a reasonable amount of time considering the work performed. *Cf. Justice v. M.N.S. & Assocs.*, 638 F. Supp. 3d 554, 563 (W.D.N.C. 2022) (allowing 10.9 attorney hours litigating the case through entry of default judgment). Accordingly, I will award $2,200 in attorneys' fees for the merits phase.

Mr. Fein claims 4.75 hours spent on his initial fee petition. *See* Fein Decl. Ex. 1 (entries dated Apr. 19–29, 2026). That is too much time given the straightforward nature of the work. *Cf. RLI Ins. Co. v. Nexus Servs.*, No. 5:18cv66, 2022 WL 17352443, at *5 (W.D. Va. Dec. 1, 2022) (allowing four attorney hours on "a straightforward, uncontested fee award" related to four discovery motions and contempt proceedings); *Lynch v. Astrue*, No. 1:10cv210, 2013 WL 2403590, at *6 (N.D. W. Va. May 31, 2013) (finding that 4.6 attorney hours spent preparing an EAJ fee petition and drafting reply brief was "excessive"). Indeed, Mr. Fein spent almost as much time "drafting" his initial petition as he did researching, reviewing, briefing, and arguing the merits of RRL's default. *See* Fein Decl. Ex. 1. Most of his petition is devoted to explaining why $800 is a reasonable hourly rate both for Mr. Fein's litigation experience specifically and for attorneys "at litigation firms in the Washington, DC area where he is based." Pl.'s Pet. 1–2;

5

*see* Fein Decl. ¶¶ 3–17; Fein Decl. Exs. 2–5. That information is beside the point. *See* Pl.'s Pet. 3 (correctly noting that Charlottesville is the relevant legal market). I find that two hours spent on the fee petition is reasonable given Mr. Fein's extensive litigation experience. *Cf. RLI Ins. Co.*, 2022 WL 17352443, at *5 (allowing $720 for three hours of junior attorney's time spent researching, drafting, and editing fee petition); *Powell v. Prince George's Cty. Md.*, No. 8:18cv3683, 2020 WL 5417563, at *9 (D. Md. Sept. 10, 2020) (noting that counsel's "expertise" should have made them "more efficient" when briefing a straightforward fee petition). Accordingly, I will award $800 in attorneys' fees for the initial fee petition.

Finally, Mr. Fein claims six more hours spent replying to RRL's brief in opposition to the initial fee petition. *See* Pl.'s Reply 1. Mr. Fein's own work "procuring" Mr. Hicks's declaration and "drafting" the reply brief accounts for three hours. *Id.* at 4. He says that the remaining "three hours at an estimated price of $2,000 [are] to be billed by Mr. Hicks and another attorney at his firm." *Id.* at 5. None of that is reasonable. Mr. Fein did not submit billing records for this work. *See Sines*, 343 F.R.D at 323 (noting that the party's "billing records must 'provide some guidance in identifying' the time spent on compensable tasks" (quoting *Denton v. PennyMac Loan Servs.*, 252 F. Supp. 3d 504, 523 (E.D. Va. 2017)). Mr. Hicks, who has not appeared in this case, may not recover his fees for drafting a declaration supporting Mr. Fein's fee petition. And we do not know what, if anything, Mr. Hicks's unidentified colleague did in connection with RRL's default. *See Scott v. Clarke*, No. 3:12cv36, 2020 WL 7220571, at *12 (W.D. Va. Mar. 12, 2020) (rejecting pro bono law firm's timesheets for the same reason). I could reject the 6 hours for this reason alone. *See id.* at *12–13, *adopted in relevant part*, 202 WL 2771949, at *3 (W.D. Va. May 28, 2020).

Further, fee petitions "should not result in a second major litigation." *Fox*, 563 U.S. at

838. Although Mr. Fein was entitled to file a reply brief rebutting RRL's arguments opposing his fee petition, W.D. Va. Civ. R. 11(b), this brief mostly rehashes Mr. Fein's original arguments, *see* Pl.'s Reply 1–4. RRL's arguments were routine and straightforward. *See Powell*, 2020 WL 5417563, at *9. Mr. Fein did not need to do more research about hourly rates in Charlottesville and Northern Virginia or procure Mr. Hicks's declaration to further support his fee petition. *See* Pl.'s Reply 1–3 (discussing the same). Accordingly, I will allow one hour for the reply brief. *See Scott*, 2020 WL 7220571, at *12–13.

In sum, I find that Mr. Fein reasonably claimed 8.5 attorney hours dealing with RRL's default in this case and that $400/hour is reasonable compensation in the Charlottesville Division for an attorney with Mr. Fein's expertise and qualifications, as set forth below:

| Phase | Reasonable Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|
| Merits | $400 | 5.5 | $2,200 |
| Initial Fee Petition | $400 | 2 | $800 |
| Reply Brief re: Fee Petition | $400 | 1 | $400 |
| **Total** | **$400** | **8.5** | **$3,400** |

IV. Conclusion & Order

Plaintiff's petition for attorneys' fees against Defendant RRL, ECF No. 63, is hereby **GRANTED** to the extent that he is awarded $3,400.

ENTER: June 1, 2026

Joel C. Hoppe
United States Magistrate Judge