CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| United States of America *ex rel.* | ) | |
| J. Bryan Quesenberry | ) | Civil Action No. 3:24-cv-00016 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION & ORDER |
| v. | ) | |
| | ) | |
| Breaks Interstate Park Commission et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Defendant Charlottesville Redevelopment and Housing Authority's ("CRHA") Motion to Set Aside Default. ECF No. 80. The motion has been fully briefed, ECF Nos. 81, 83, 84, 85, and can be resolved without a hearing, Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b). I find that CRHA has shown good cause to set aside its default. Fed. R. Civ. P. 55(c).

I. Legal Framework

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In making this determination, the court "should consider": (1) whether the defaulting party has "a meritorious defense" to the claim against it; (2) whether the party acted with "reasonable promptness" to set aside entry of its default; (3) the party's "personal responsibility" for its default; (4) prejudice to the opposing party; (5) whether the defaulting party has "a history of dilatory action"; and (6) whether "less drastic" sanctions are available. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The first two factors are generally the most important. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). The party seeking to set aside its

default bears the burden to show "good cause," Fed. R. Civ. P. 55(c), but the burden is not demanding. *See Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.* at 417. Thus, courts must "liberally construe the 'good cause' criteria and resolve all doubts in favor of setting aside default in order to allow the party against whom default has been entered to defend on the merits and avoid the extreme sanction of default."[1] *Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (other quotation marks omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts . . . should be resolved in favor of setting aside the default so the case may be heard on the merits."). The Fourth Circuit reviews a district court's refusal to set aside an entry of default for abuse of discretion. *Colleton Prep. Acad.*, 616 F.3d at 417.

## II. Background

This is a *qui tam* action to recover damages and civil penalties based on Defendants' allegedly false and/or fraudulent records, statements, and claims made in connection with the federal government's Payroll Protection Program ("PPP"). *See* Am. Compl. ¶¶ 1–2, ECF No. 14. The PPP is a COVID-19 era program that allowed "borrowers to receive forgiveness for these loans." *Id.* ¶ 2. It is administered by the Small Business Administration ("SBA") as part of that agency's "7(a) Loan Program." *See id.* ¶¶ 25–39.

Quesenberry filed a pro se complaint in March 2024. Compl., ECF No. 1. In August 2025, the presiding District Judge unsealed the complaint and ordered Quesenberry to serve a

---

[1] "Importantly, when a party is in default, but default judgment has not yet been entered, the governing legal standard is one of 'good cause' rather than [the more onerous] 'excusable neglect.'" *Wards Corner Beauty Acad. v. Nat'l Accrediting Comm'n of Career Arts & Scis.*, No. 2:16cv639, 2017 WL 11509751, at *1 (E.D. Va. Sept. 19, 2017); *accord Colleton Prep. Acad.*, 616 F.3d at 420 ("Rule 60(b)'s 'excusable neglect' standard is a more onerous standard that Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.").

copy on Defendants. *See* ECF No. 13. Quesenberry, by counsel, amended his complaint on November 19, 2025. ECF No. 14. His operative Amended Complaint alleges that CRHA is a local-government entity that manages public-housing units in and around Charlottesville, Virginia. Am. Compl. ¶¶ 16, 43–46. Government-owned entities are ineligible for SBA loans, including those issued through the PPP. *See id.* ¶¶ 3–5, 39, 103; 13 C.F.R. § 120.110(j). Nonetheless, CRHA knowingly "applied and was approved for a first-draw PPP loan on April 30, 2020 . . . in the amount of $202,293.00, received said PPP loan, and had said PPP loan forgiven on December 31, 2020, in the amount of $203,579.81." *Id.* ¶ 78; *see generally id.* ¶¶ 10, 101–07, 108–13. CRHA also knowingly "applied and was approved for a second-draw PPP loan on March 15, 2021 . . . in the amount of $160,890.00, received said PPP loan, and had said PPP loan forgiven on September 1, 2021, in the amount of $161,493.89." *Id.* ¶ 79. Quesenberry seeks an award of proceeds against CRHA under the False Claims Act ("FCA"), 31 U.S.C. § 3730(d). *See* Am. Compl. 25.

The Clerk issued a summons directed to CRHA on November 20, 2025. ECF No. 26-1. The summons states:

> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons (not counting the day you received it) . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . .
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

*Id.*; *accord* Fed. R. Civ. P. 4(a), 6(a)(1)(A). Quesenberry's attorney later filed a signed Proof of Service attesting that an individual claiming to be CRHA's designated agent personally accepted service of the summons and Amended Complaint on February 17, 2026. *See* ECF No. 34. CRHA therefore had until March 10, 2026, to file its answer or a Rule 12 motion. ECF No. 49; *see* Fed.

R. Civ. P. 6(a)(1)(B). CRHA missed this deadline, and Quesenberry filed a motion for entry of default under Rule 55(a). ECF No. 49 (Mar. 19, 2026). The Clerk entered CRHA's default on March 24, 2026. ECF No. 53.

That April, Quesenberry asked the Clerk to enter default judgment against CRHA in the amount of $1,528,642.73. ECF No. 64. On June 10, the presiding district judge took the motion for default judgment under advisement. ECF No. 76. He also ordered Quesenberry to serve the motion and related filings, ECF Nos. 49, 53, 64, on CRHA in accordance with Rule 4 because mail addressed to CRHA had been returned undeliverable. ECF Nos. 57, 76. Mark H. Churchill, Esq., entered his appearance on CRHA's behalf on June 16. ECF No. 79.

*

CRHA filed this motion on June 18, 2026. ECF No. 80. CRHA argues that each *Payne* factor favors finding "good cause" to set aside its default under Rule 55(c). *See generally* Br. in Supp. 4–8 (discussing each factor), ECF No. 81. CRHA also explains that it "promptly tendered" Quesenberry's Amended Complaint to its insurer to determine if it could "engage[] coverage counsel to handle the defense of this action." *Id.* at 2; *see* Decl. of John Sales ¶¶ 4–6 (June 18, 2026), ECF No. 81-1. The insurer "initially denied coverage" on February 17, 2026—the same day that CRHA's agent accepted service of process. *See* Sales Decl. ¶¶ 4, 6. CRHA appealed the denial. *Id.* ¶ 6. It also contacted "a law firm it has engaged previously as a possible stopgap option" if its appeal failed, "but that law firm was conflicted out of representing CRHA." *Id.* ¶ 7. CRHA only learned it was in default on June 11, when a process server personally delivered a copy of Quesenberry's motion for default judgment and related filings to CRHA's agent. *See id.* ¶¶ 8–9 (citing Sales Decl. Ex. A, ECF No. 81-1, at 6–17).

On Monday, June 15, 2026, CRHA received notice that the insurer would not defend

CRHA against the claims in this lawsuit. *Id.* ¶ 10 (citing Sales Decl. Ex. B, Letter from J. Cujas to J. Sales (June 15, 2026), ECF No. 81-1, at 19–22). CRHA retained Mr. Churchill on the same day, and he promptly entered his notice of appearance. *See id.* ¶¶ 11–12. Mr. Churchill filed this motion on June 18, 2026. ECF No. 80.

III. Discussion

"Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing*, 383 F.2d at 251. Reasonable promptness looks at the moving party's conduct in the "time between the entry of default, or discovery of such entry, and the moving party's efforts to set aside the entry of default." *Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of Am.*, No. 2:10cv45, 2010 WL 11700299, at *5 (E.D. Va. Apr. 15, 2010) (citing *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) (reversing district court's refusal to set aside a default judgment because it was "beyond cavil that there was no delay here once the default was discovered")). Establishing a meritorious defense requires the moving party to proffer "evidence, which, if believed, would permit" the court or the jury to find in that party's favor. *Moradi*, 673 F.2d at 727. The party can also satisfy this standard by asserting a meritorious procedural or legal defense to a claim against it. *See Cap. Concepts, Inc. v. CDI Media Grp.*, No. 3:14cv14, 2014 WL 3748249, at *6 (W.D. Va. July 29, 2014). Presenting a meritorious defense is an especially "low bar" at early stages of the litigation. *See id.*

CRHA has shown good cause to set aside its default. Fed. R. Civ. P. 55(c). The Clerk entered CRHA's default on March 24, but the copy of the docket entry addressed to CRHA at the address listed on Quesenberry's executed summons was returned as undeliverable. ECF Nos. 53, 57. On June 10, Judge Ballou ordered Quesenberry to serve a copy of that entry and related

filings, *see* ECF No. 76 (citing Fed. R. Civ. P. 4), and CRHA's agent attests that it first received notice of these documents on June 11, *see* Sales Decl. ¶¶ 8–9. Mr. Churchill moved to set aside CRHA's default within the week. ECF No. 80. This was a "reasonably prompt" response to a default entered in the early stages of litigation. *See, e.g.*, *Higginbotham v. Red Roof Inns, Inc.*, No. 2:18cv1493, 2019 WL 1670984, at *3 (S.D. W. Va. Apr. 17, 2019) (motion to set aside default filed one week after "receiving notice of the entry of the default" was a "reasonably prompt" response).

CRHA's brief discusses the merits of "five independent" defenses to Quesenberry's claims and allegations. *See* Br. in Supp. 5–6 (discussing each defense). Quesenberry responds that CRHA's co-defendants raised the same defenses in their pending motions to dismiss, and that each fails for the reasons explained in his opposition briefs. *See* Br. in Opp'n 5–7. Yet, CRHA is "not required to . . . persuade the Court of the ultimate validity of the defenses presented[] in order to have a meritorious defense for purposes of setting aside default." *Cap. Concepts*, 2014 WL 3748249, at *6. CRHA's brief offers "a satisfactory explanation of the merits of [each] defense" going beyond "a mere conclusion" or denial, *Consol. Masonry & Fireproofing*, 383 F.2d at 252. "Given the low bar for presenting a meritorious defense at this [early] stage of litigation," I find that this factor favors CRHA. *Cap. Concepts*, 2014 WL 3748249, at *6.

The two most important *Payne* factors—CRHA's reasonably prompt response and assertion of a meritorious defense—favor setting aside its default. The other *Payne* factors also generally favor that result. First, there are "no other instances of dilatory action" on CRHA's part. *See Colleton Prep. Acad.*, 616 F.3d at 418 (quotation marks omitted). Second, CRHA's failure to retain counsel before March 10 might not be entirely its own fault. *Cf. Broadcast*

*Music, Inc. v. Carrie Bell, Inc.*, Civ. No. 19-1517, 2019 WL 6255173, at *3 (D. Md. Nov. 22, 2019) ("CMI did[] not retain counsel prior to the entry of default against it, and accordingly bears the full responsibility for failure to file a response on time."). This factor looks at CRHA's "personal responsibility" for its default. *See Payne*, 439 F.3d at 204. CRHA's officer attests that he contacted the insurer on February 17—the same day he accepted service of the summons and amended complaint—and then appealed the insurer's same-day initial decision to deny coverage. *See* Sales Decl. ¶¶ 4–6. On June 15, the insurer "informed CRHA that it was formally denying coverage under . . . the policy for the claims against CRHA in this lawsuit." *See id.* ¶ 10. The insurer's involvement and apparent delay at least suggest that CRHA does not bear "the *full* responsibility" for its default, *Broadcast Music*, 2019 WL 6255173, at *3 (emphasis added). *Cf. Simmons v. City of Hurricane*, No. 3:25cv345, 2025 WL 405545, at *4 (S.D. W. Va. Nov. 7, 2025) (finding that defendant did not bear "any personal responsibility for the insurer's failure to timely appoint counsel to represent her despite being promptly notified of the lawsuit and the need for 'immediate attention'"), *adopted in relevant part*, 2025 WL 3516475, at *4 (S.D. W. Va. Dec. 8, 2025). This *Payne* factor is neutral at best.

Third, Quesenberry is not prejudiced by setting aside CRHA's default because this multi-defendant case is in the early stages. *See Companion Specialty Ins. Co. v. Med James, Inc.*, No. 3:15cv249, 2015 WL 13817411, at *3 (D.S.C. Apr. 21, 2015). This *Payne* factor looks at whether CRHA's failure to respond by March 10 impaired Quesenberry's ability to complete discovery, present certain evidence, or proceed with trial. *Cap. Concepts*, 2014 WL 3748249, at *6. It did not. In fact, another defendant filed a Rule 12(b)(6) motion to dismiss after I set aside its default in March 2026, so there is no prejudice to Quesenberry in allowing CRHA to defend the case as well. *See, e.g.*, *Companion Specialty Ins.*, 2015 WL 13817411, at *3.

Finally, less drastic sanctions are available. *See Payne*, 439 F.2d at 205. For example, the court may award Quesenberry his reasonable attorney's fees associated with CRHA's motion to set aside its default. *See, e.g.*, *Reserve at Winchester I v. R 150 SPE*, No. 3:21cv8, 2021 WL 6102127, at *1 (W.D. Va. Dec. 1, 2021) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contr. Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)). This final *Payne* factor also favors setting aside CRHA's default. *See Colleton Prep. Acad.*, 616 F.3d at 418. Accordingly, I find it appropriate to award Quesenberry his reasonable attorney's fees, as discussed below.

## IV. Conclusion

For the foregoing reasons, I find that CRHA has shown good cause to set aside its default in this case. Fed. R. Civ. P. 55(c). Accordingly, CRHA's Motion to Set Aside Default, ECF No. 80, is hereby **GRANTED**. The Clerk shall **VACATE** the entry of default dated March 24, 2026, ECF No. 53. Defendant Charlottesville Redevelopment & Housing Authority shall respond to Quesenberry's Amended Complaint, ECF No. 14, within **fourteen (14) days** from the date of this Order.

Earlier in this case, I invited Quesenberry to file a petition setting out his reasonable expenses, including attorney's fees, incurred in opposing another defendant's motion to set aside its default. He did so, and I ordered that defendant to pay $2,200 in attorney's fees for 5.5 hours expended on the merits phase, including a motion hearing. Inviting more litigation on a similar fee issue here would waste both the court's and the parties' resources. Considering the factors discussed in the Court's prior opinion, ECF No. 74, and adopting my findings as to Bruce Fein's reasonable hourly rate and the reasonable time spent for him to brief the Defendant's default and motion to set aside default, I find that 3.75 hours of attorney time at $400/hr. is reasonable compensation. This amount is less than the amount awarded on Mr. Fein's prior fee petition on

the merits of default because no hearing was held on CRHA's motion to set aside its default and Quesenberry did not have to brief a fee petition. Accordingly, I will award Quesenberry $1,500 in reasonable attorney's fees for 3.75 hours expended opposing CRHA's motion to set aside its default. CRHA shall pay this amount within **twenty-one (21) days** from the date of this Order.

It is so ORDERED.

ENTER: August 14, 2026

Joel C. Hoppe
United States Magistrate Judge